## Woolfolk v. Thomas, et al.

(Decided March 26, 1915.)

### Appeal from Franklin Circuit Court.

1.  Payment—Application by Court.—Where the court applies a payment which the creditor has not himself applied, the court will do so only upon and in accordance with equitable principles.
2.  Usury—Rights and Remedies of Parties—Weight and Sufficiency of Evidence.—The burden is upon him who asserts a charge of usury to establish his contention with reasonable certainty.

DULIN MOSS for appellant.

SCOTT & HAMILTON for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

This is an appeal from a judgment of the Franklin Circuit Court in an action wherein Miss Mayme Woolfolk was plaintiff and G. A. Thomas and others defendants.

The plaintiff was the borrower, and the defendant, Thomas, the lender, of certain sums of money. Being unable to agree as to the net amount due as the result of their several transactions, the plaintiff instituted this action in equity to obtain a settlement and the cancellation of certain mortgages held by defendant, Thomas, on her property in Frankfort.

It appears from the evidence that on March 26, 1906, plaintiff executed and delivered to defendant, Thomas, her promissory note in the sum of $375, due twelve months thereafter, with interest at 8% from maturity until paid, and secured by mortgage on her real estate.

It further appears that she had on March 12, 1904, executed to Frank Haff a mortgage on her real estate to secure the payment of $631.75; this amount was re-

duced by payments made by her, so that on March 20, 1907, there was due upon the mortgage $575.83. On that date it was acquired by defendant, Thomas, at the request of Miss Woolfolk.

It further appears from the evidence that on May 23, 1906, plaintiff executed to E. M. Wallace a mortgage on her real estate to secure the payment of the sum of $110.00, which amount was reduced by payments made by her, so that on June 19, 1907, there was due thereupon the sum of $108.80. On that date, at the request of Miss Woolfolk, it was acquired by defendant, Thomas.

It further appears from the evidence that on April 14, 1908, plaintiff executed and delivered to defendant, Thomas, her promissory note in the sum of $450.00, bearing 8% interest from date, and secured by mortgage on her real estate.

And it further appears from the evidence that on August 11, 1908, she executed and delivered to defendant, Thomas, her note in the sum of $37.50, due October 31, 1908, and bearing 8% interest from date until paid.

The plaintiff claimed that she had made the following payments to defendant, Thomas: (1) That she gave to him on March 19, 1907, an order for $300.00 drawn on the Capital Trust Company for a legacy due her from the estate of Elizabeth Vallandingham, which amount was paid by the Trust Company to defendant, Thomas, on November 9, 1907; (2) $600 paid on February 5, 1910; (3) $250 paid on January 17, 1910; (4) $135 paid on January 20, 1910; and (5) $180.69 paid on October 2, 1913. None of these are denied by defendant except the first.

As to the first payment mentioned, the item of $300, it is the contention of the plaintiff that this amount was paid on the indebtedness above mentioned, and particularly on the $375.00 note of March 26, 1906; while defendant, Thomas, claimed that this payment of $300 was upon other transactions had between him and plaintiff than those above mentioned. He claimed that he had previously loaned plaintiff $150 and that the $300 order was given by her to him in payment of that note and interest, and that a check for $100 given by him to her on March 20, 1907, made up the balance of the $300. The $150 note so paid Thomas claimed he returned at that time to plaintiff. All her receipts and memoranda were destroyed by fire prior to the institution of this action. Defendant, Thomas, produced the $100 check given plain-

tiff on March 20, 1907; but was unable to show by any record evidence how he paid her the $150 for which he claimed to have had her note.

Plaintiff claimed that the check for $100 which she received March 20, 1907, was afterward merged into the mortgage of $450 executed April 14, 1908. At the time that mortgage was executed defendant, Thomas, gave plaintiff a check for $250. The remainder he claimed was for money loaned by him to plaintiff, but the amounts and dates he was unable to state, with the exception of one check dated September 21, 1907, for $50.60.

It was shown in evidence by N. B. Smith, brother-in-law of defendant, Thomas, that he drew up the order directing the Trust Company to pay the $300 Vallanding-ham legacy to Thomas; and he testified to a vague recollection that he was called upon to calculate interest on a note, and that Thomas turned a note over to the plaintiff on that occasion; but as the parties had had no other transactions at that time except the $375 note and mortgage, we think it the fact that, with the exception of the check for $100 paid by defendant, Thomas, to plaintiff on that day, the $300 legacy was paid by plaintiff on her indebtedness to defendant. That check was dated March 20, 1907, and the order for $300 is dated March 19, 1907, but this is quite plausibly explained by the testimony that Smith drew it up on the 19th, expecting it to be signed on that day, and plaintiff did not get to his office until the next day.

The chancellor held that this $300 was none of it applied on the items of indebtedness above mentioned; and, in doing so, the court is of the opinion that he erred. The court finds that $200 of it was in fact applied on plaintiff's indebtedness to defendant, Thomas.

Upon submission and trial, the chancellor rendered a judgment against plaintiff, in favor of defendant, Thomas, for $375 with 8% interest from the date of the note, March 26, 1906, to December 1, 1909 (mistakenly assumed to have been the date of the payment of the $600, although in fact it was paid February 5, 1910). This allowance of interest at eight per cent. was evidently upon the theory that the $600 payment extinguished the $375 debt and interest; and that more than a year having elapsed, the usury was barred. This part of the judgment was error: First, because interest was allowed from the date of the note instead of from its

maturity as by its terms provided; and, second, because it allowed interest at a greater rate than six per cent. The court has made an application of the $600 payment when the creditor himself did not do so; and when the court applies a payment it will do so only upon and in accordance with equitable principles.

The judgment is, therefore, reversed, with directions to enter a judgment against plaintiff in favor of defendant, Thomas, for $375 with 6% interest from March 26, 1907; for $575.83 with 6% interest from March 20, 1907; for $108.80 with 6% interest from June 19, 1907; for $450 with 6% interest from April 14, 1908; these amounts being secured by lien on plaintiff's real estate, and subject to the following credits: $200 with interest from March 19, 1907; $600 with interest from February 5, 1910; $250 with interest from January 17, 1910; $135 with interest from January 20, 1910; and $180.69 with interest from October 2, 1913. The court will also render personal judgment against plaintiff in favor of defendant, Thomas, for $35 with 6% interest from August 11, 1908; this being for the $37.50 note which includes $2.50 usury, and which is not secured by lien.

It is contended by appellant that the items of $375 and of $450 contain usury which should be extracted. It may be that had it not been for the loss of her papers and memoranda by fire, the plaintiff would have been able to establish this contention; but the evidence in the record is insufficient to show with reasonable certainty that any usury is included therein. The burden is on her to establish her charge with reasonable certainty; this she has been unable to do. Oman v. American National Bank, 106 S. W., 277, 32 R., 502; Ludlow v. Ludlow Coal Co., 66 S. W., 615, 23 R., 1815; Payne v. Levy, 142 Ky., 621.

Reversed for proceedings consistent with this opinion.